UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEREMY KNUTSON,

                Plaintiff,

v.                                              Case No. 24-cv-481-pp

BROWN COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DENYING PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER (DKT. NO. 16)**

---

Plaintiff Jeremy Knutson, who is incarcerated at Shawano County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1, and denies his request for a protective order, dkt. no. 16.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then

1

must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On May 6, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $0.75. Dkt. No. 8. But on June 17, 2024, the court waived the requirement that the plaintiff pay an initial partial filing fee because his trust account statement showed that he has a negative balance "that has only grown in the last several months." Dkt. No. 15. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the full $350 filing fee over time in the manner explained at the end of this order.

**II. Screening the Complaint**

   A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d

896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants the Brown County Sheriff's Department and Vital Core. Dkt. No. 1 at 1. The plaintiff alleges that he has "a past of seizures," yet he was locked down in his cell for twenty-three hours per day because he "wasn't placed correctly in the jail, while being held for court." Id. at 2. He says he was not able to contact "Medical," but he "[d]id

contact" a correctional officer and two corporals (not defendants) on April 13 through 14, 2024. Id. He does not say what he asked those officers or whether they responded to him. Id.

The plaintiff alleges that Vital Core is the jail's medical provider. Id. He says Vital Core "refused [him] tylenol and did nothing to see if [he] was ok after hitting [his] head." Id. He alleges that he "sent multiple request[s]" but received "responses that made little sense, only asking questions if [he] wanted to see a nurse after the weekend went by, for a charge of $10." Id. at 2, 4. The plaintiff alleges that because he "had one hour out of [his] cell [he] wasn't able to get a response." Id. at 4. The plaintiff filed a grievance, but he does not say what the grievance was about. Id. He alleges that he filed the grievance as "paper not in kiosk," but he was "refused a copy by Sheriff's Dept." Id. He says he "asked for copy of General Request and medical request threw [*sic*] Turn Key–Kiosk" for April 13 through 16, 2024. Id. The plaintiff alleges that when he was sent back to Shawano County Jail, he "asked for these printouts not rec[ei]ving them from Vital Core or Brown County Sheriffs Dept." Id. Yet the plaintiff submitted to the court a copy of his requests and the responses he received through the "TurnKey Corrections" system at Brown County Jail in April 2024. Dkt. No. 12.

The plaintiff separately alleges that "[t]his Jail has black mold in the cells and air intake, causes a sinus and upper respitory [*sic*] issue." Dkt. No. 1 at 4. He says he suffered "what felt like a vice squeezing [his] head" from Friday night through Tuesday. Id. He does not clarify when this occurred or which jail

has black mold. Id. The plaintiff closes the facts section of his complaint by alleging that he "hit the back of [his] head when [he] fell backwards." Id.

The plaintiff requests that the defendants "be forced to help all inmates even those from other Institutions being held for Court." Id. at 5. He says, "Inmates from other Institutions should not be put with inmates being quar[a]ntined allowed out of cell for more than [one] hour." Id. He also seeks "Damages of $2,900,402." Id. He says that "[r]ec[ei]ving proper medical attention[] should be a right for everyone. No one should be forced to breath [*sic*] Black Mold." Id.

C. Analysis

The plaintiff's allegations are difficult to follow. He alleges that he was locked down in his cell for twenty-three hours per day despite his history of seizures and was not able to contact the medical department, although he was able to talk to a few officers. Yet he also alleges that he was able to contact or see members of the medical department and that they refused him Tylenol and did not provide him treatment after he had a seizure and hit his head. The plaintiff alleges that he was locked down because of not being "placed correctly in the jail" while waiting for court, which may mean staff is not responsible for him spending twenty-three hours per day in his cell. He alleges that he filed a grievance, although he does not say what he filed the grievance about, and he alleges that jail staff would not give him paper copies of his grievance or his medical requests. But the plaintiff provided the court with a copy of the grievances and requests submitted while he was at Brown County Jail, dkt. no.

12, contrary to his claim that staff did not provide him copies of those documents. The plaintiff separately alleges that the jail has black mold that he was forced to breathe, which caused him respiratory difficulties. It appears that he is alleging that the Shawano County Jail has black mold, even though the bulk of his complaint is about events that occurred while he was at the Brown County Jail from April 13 to 16, 2024.

Despite these confusing and contradictory allegations, the court can infer that the plaintiff seeks to proceed against staff of the Brown County Jail for the alleged conditions of his confinement. But the plaintiff has not named a proper defendant for this claim. A plaintiff may bring a complaint under §1983 only against "persons" whom the plaintiff believes violated his rights. The only defendant he names for this claim is the Brown County Sheriff's Department, which is neither a "person" nor a "legal entity separable from the county government which it serves and is, therefore, not subject to suit." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004). The plaintiff cannot proceed against the Brown County Sheriff's Department on his claims against staff at the Brown County Jail.

The plaintiff names Vital Core as the only other defendant for his claim that he was denied Tylenol or treatment after he hit his head from having a seizure. Vital Core also is not a person. As the plaintiff says in his complaint, it is a private company that provides medical treatment for persons incarcerated at the Brown County Jail. But a private corporation like Vital Core may be held liable under §1983 only if the plaintiff can show that it had an official "policy,

6

Case 2:24-cv-00481-PP    Filed 07/24/24    Page 6 of 13    Document 17

custom, or practice of deliberate indifference" that violated his constitutional rights. Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789, 796 (7th Cir. 2014). Vital Core may not be held liable for the actions of its employees under a theory of *respondeat superior.* Id. at 789 (citing Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)); see also Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The plaintiff has not alleged that he was mistreated as a result of any official policy, custom or practice. He alleges only that Vital Core medical staff at the Brown County Jail did not provide him proper treatment. Those allegations are insufficient to state a claim against Vital Core.

Finally, the plaintiff alleges that the Shawano County Jail has black mold that caused him upper respiratory difficulties and a headache. But these allegations are unrelated to the allegations about his experience at the Brown County Jail; they involve a different facility, different events and, presumably, different officials. The plaintiff cannot bring his claim against the Shawano County Jail and/or its officials in the same lawsuit as his unrelated claims against different defendants at the Brown County Jail. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). If the plaintiff wishes to proceed on a claim about black mold at the Shawano County Jail, he must file a new complaint for that claim for which he will be required to pay a new filing fee.

For the reasons explained in this order, the court finds that the complaint does not state a claim. But it is possible that the plaintiff may be

able to provide the court with additional details that would be sufficient to state a claim. The court will give him an opportunity to amend his complaint to correct the deficiencies noted and to better explain the claims in his complaint. When writing his amended complaint, the plaintiff should give the court enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to give the court and each defendant notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing a copy of its amended complaint form. The plaintiff must use that form and list the case number for this case on the first page. He must list all the defendants—the *people*—he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete by itself. The plaintiff may not refer the court back to his original complaint. He instead must repeat in the amended complaint any of the facts from the original complaint that he believes are necessary to his claims.

### III. The Plaintiff's Other Documents (Dkt. Nos. 11, 16)

On May 13, 2024, the court received from the plaintiff a letter, in which he contests the $10,000 cash bond in his pending state court criminal matter, asserts that the state violated state law and asks this court to assign him a different judge in that pending state court matter. Dkt. No. 11. This court cannot and will not grant this request. These allegations are the subject of the plaintiff's §1983 complaint in another case he has pending in the Western District of Wisconsin. See Case No. 24-cv-140-jdp (W.D. Wis.), Dkt. No. 1. It also was the subject of a petition for a writ of *habeas corpus* that he filed in the same court. See Case No. 24-cv-126-jdp (W.D. Wis.) (dismissed Apr. 15, 2024). On June 6, 2024, Chief Judge Peterson issued an order abstaining from deciding the plaintiff's §1983 complaint on these issues and staying the case until his state court proceedings have ended. See Case No. 24-cv-140-jdp (W.D. Wis.), Dkt. No. 17. This court will abstain from considering the plaintiff's allegations about his ongoing state court proceedings. See Younger v. Harris, 401 U.S. 37, 45–46 (1971). The court also advises the plaintiff that he must address any issues he has with his pending state court proceedings in *state* court, not in federal court.

On July 19, 2024, the court received from the Western District of Wisconsin a request for a protective order and a proposed protective order that it appears the plaintiff mistakenly sent to that court. Dkt. Nos. 16, 16-1 (envelope addressed to the Eastern District of Wisconsin but address in Madison). The proposed order is based on a putative "stipulation of the parties

9
Case 2:24-cv-00481-PP   Filed 07/24/24   Page 9 of 13   Document 17

and the factual representations set forth therein" and on "good cause" shown "in discovery, answers to interrogatories . . . deposition testimony" and other sources. Id. at 1. The proposed protective order limits the Brown County Sheriff's Department from having contact with the plaintiff "except threw [*sic*] Documents or Attorney, including all employee's staffed by/threw [*sic*] Brown County Sheriffs Dept." Id. The plaintiff requests the protective order "as it is just and fair, that good cause has been shown for entry, for these actions and on the merits." Id. at 2.

The court will deny the plaintiff's request for a protective order. No discovery has taken place and there is no stipulation between the parties in this federal case. The court has not ordered the federal complaint to be served on the defendants, and it is not doing so in this order. The court is *dismissing* the complaint because it does not state a claim and ordering the plaintiff to file an amended complaint. If the plaintiff complies with this order, and if his case proceeds, the court will order the amended complaint to be served on the defendants and later will provide information to the parties about conducting discovery. If this case reaches that point, and if the plaintiff believes there is a basis for a protective order, he may request one at that time. He will need to provide good cause for a protective order, as explained in Fed. R. Civ. P. 26(c)(1).

## IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's request for a protective order. Dkt. No. 16.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to *receive it* by the end of the day on **August 30, 2024**. If the court receives from the plaintiff an amended complaint by the end of the day on August 30, 2024, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive from the plaintiff an amended complaint by the end of the day on August 30, 2024, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the full $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Shawano County Sheriff, who oversees the Shawano County Jail where the plaintiff is incarcerated.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to

---

[1] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin this 24th day of July, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**