UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMY KNUTSON,

                Plaintiff,

v.                                                   Case No. 24-cv-481-pp

BROWN COUNTY
SHERIFF'S DEPARTMENT, *et al.*,

                Defendants.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 18) UNDER 28 U.S.C. §1915A AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

On July 24, 2024, the court screened plaintiff Jeremy Knutson's *pro se* complaint under 42 U.S.C. §1983 and determined that it did not state a claim for relief. Dkt. No. 17. The court observed that although it appeared "that the plaintiff seeks to proceed against staff of the Brown County Jail for the alleged conditions of his confinement . . . the plaintiff has not named a proper defendant for this claim." Id. at 6. The plaintiff also had named Vital Core as a defendant, but the court explained that the complaint did not state a claim against Vital Core because it did not allege that the plaintiff "was mistreated as a result of any official policy, custom or practice." Id. at 7. The court gave the plaintiff "an opportunity to amend his complaint to correct the deficiencies noted and to better explain the claims in his complaint." Id. at 8. The court ordered the plaintiff to file his amended complaint in time for the court to receive it by the end of the day on August 30, 2024. Id. at 11. On August 12,

1

Case 2:24-cv-00481-PP    Filed 08/23/24    Page 1 of 9    Document 19

2024, the court received the plaintiff's amended complaint. Dkt. No. 18. This order screens the amended complaint.

**I.      Screening the Amended Complaint**

    A.      Federal Screening Standard

As the court explained in the previous order, it must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The amended complaint again names Vital Core as a defendant. Dkt. No. 18 at 1–2. It newly names Correctional Officer Wotruba, Corporal Voster, Corporal Weed and Corporal Bartels from the Brown County Sheriff's Department. Id.

The amended complaint contains only one page of allegations, which—like those in the original complaint—are difficult to follow. Id. at 4. It begins, "Vital Core – Failure to respond to request for assistance leaving [the plaintiff] to suffer after having multiple Grand mal seizures, on April 14, 2024 Brown County Jail." Id. The plaintiff says that he "did contact CO Wotruba . . . about the seizures." Id. He says that he "hit [his] head when falling backwards, when the seizures started, was trying to get to the door area where the emergency button was." Id.

The plaintiff then alleges that the "Jail places people on writs from other countys [*sic*] in Quar[a]ntine with sick people, who are with drawing [*sic*] from drugs or sick with virus's [*sic*] etc." Id. He says that his "cell block is locked down 23 hrs in a cell 1 hour allowed out." Id. The plaintiff alleges that it took him "3 days to rec[ei]ve a grievance form." Id. He says that when he contacted medical staff through the kiosk, "they didn't respond in person, the responses made little sense in the kiosk." Id. The plaintiff says he "observed black mold along the edges of the floors and walls and in the air intake [and] vents in the cells." Id. He says that he spoke with Officers Wotruba and Meyer (who is not named in the caption) "about the seizures and [his] head hurting from hitting it when [he] fell backwards." Id.

The plaintiff seeks "$10,000 per/day total of 4 days ($40,000)," but he does not say what these days represent. Id. at 5. He also seeks $1,860,000 for "[f]ailure to respond to request for assistance leaving [him] to suffer in [his] cell" and $1 million in emotional and physical damages, for a total of $2,900,000. Id.

C. Analysis

In its July 24, 2024 order, the court advised the plaintiff that when writing his amended complaint, he "should give the court enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?" Dkt. No. 17 at 8. The court explained that the plaintiff "must list all the defendants—the *people*—he wants to sue in the caption of the amended complaint" and must "explain the key facts that give rise to the claims he wishes to bring, and to describe which

defendants he believes committed the violations that relate to each claim." Id. The plaintiff has not followed those instructions. The allegations in the amended complaint are as vague and difficult to follow as those in the original complaint. The allegations jump from topic to topic without clearly explaining what happened to the plaintiff, who is responsible for what happened to the plaintiff or what those persons did to violate his rights.

The amended complaint, like the original, lists Vital Core as a defendant and seeks to proceed against Vital Core itself. But as the court explained in the July 24 order, "Vital Core . . . is not a person" and "may be held liable under §1983 only if the plaintiff can show that it had an official 'policy, custom, or practice of deliberate indifference' that violated his constitutional rights." Id. at 6–7. (quoting Shields v. Ill. Dep't of Corr., 746 F.3d 782, 789, 796 (7th Cir. 2014), and citing Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982); and Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). The plaintiff still has not alleged "that he was mistreated as a result of any official policy, custom or practice" of Vital Core. Id. at 7. Nor has he named any employee of Vital Core who provided inadequate medical treatment. He alleges only that Vital Core did not respond to his request for assistance. This is no different from his allegation in the original complaint "that Vital Core medical staff at the Brown County Jail did not provide him proper treatment." Id. For the same reasons explained in the previous order, these allegations "are insufficient to state a claim against Vital Core." Id.

5

Case 2:24-cv-00481-PP   Filed 08/23/24   Page 5 of 9   Document 19

The amended complaint lists similar alleged conditions as in the original complaint—the plaintiff was locked in his cell for twenty-three hours per day, it took him three days to receive a grievance form, the responses he received from medical staff did not make sense and there is black mold in the jail (which the original complaint attributed to the Shawano County Jail). But the amended complaint again fails to say *who the plaintiff believes was responsible* for those alleged conditions. As the court explained in the July 24 order, the plaintiff cannot proceed on this claim against the Brown County Sheriff's Department itself. Id. at 6 (citing Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). He "may bring a complaint under §1983 only against 'persons' whom the plaintiff believes violated his rights." Id.

The plaintiff newly names Officer Wotruba, Corporal Voster, Corporal Weed and Corporal Bartels as defendants. But he does not say what the three corporals did. Simply listing the names of potential defendants, without alleging what each did to violate his rights, is not enough to hold them liable under §1983. The plaintiff instead "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right." Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000). Because the amended complaint does not link Corporals Voster, Weed or Bartels to any alleged deprivation or violation of the plaintiff's rights, it fails to state a claim against them.

The amended complaint alleges that the plaintiff contacted Officers Wotruba and Meyer (who is not named in the caption) about his seizures and about hitting his head when he fell backwards. But that's all it says. It does not

say whether Wotruba and/or Meyer failed to send the plaintiff for medical attention or ignored his complaints of pain, locked the plaintiff in his cell or knew about the black mold and failed to address it. As the court explained to the plaintiff in the July 24 order, he needed to explain not only who violated his rights but also *what those persons did* to violate his rights. Dkt. No. 17 at 8. The fact that the plaintiff spoke to these officers about his medical concerns does not mean they mistreated him, disregarded his concerns or otherwise violated his rights. See Alejo v. Heller, 328 F.3d 930, 936 (7th Cir. 2003) (citing Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)) (explaining that to state a claim under §1983, the plaintiff must explain how each defendant "personally participated in or caused the unconstitutional actions"). Because the amended complaint does not connect Wotruba and Meyer to any of the alleged conditions of the plaintiff's confinement or his allegations of mistreatment, it does not state a claim against them.

The July 24 order explained why the original complaint did not state a claim and provided detailed instructions to the plaintiff for filing an amended complaint that might state a claim against the person or persons who he believed violated his rights at the Brown County Jail. Despite those instructions, the allegations of the amended complaint do not state a claim. The court will not give the plaintiff a second opportunity to amend his complaint and will dismiss this case for failure to state a claim.

## II. Conclusion

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9
Case 2:24-cv-00481-PP   Filed 08/23/24   Page 9 of 9   Document 19